**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:06-00009 |
| | ) | Judge Trauger |
| CHARLES R. WILLIAMS, III | ) | |

## MEMORANDUM and ORDER

The defendant has filed a Motion for Bond Pending Appeal (Docket No. 96), to which the government has responded in opposition (Docket No. 105). The defendant was sentenced on November 2, 2007 to serve a term of thirty (30) months in prison for his conviction of misprision of a felony.

A defendant must be detained pending appeal unless the court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
>
> > (i) reversal,
> > (ii) an order for a new trial,
> > (iii) a sentence that does not include a term of imprisonment, or
> > (iv) a reduced sentence to a term of imprisonment less that the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

The government concedes that the defendant has met the requirements of 18 U.S.C. § 3143(b)(1)(A) (Docket No. 105 at 2) but disputes that his appeal "raises a substantial question of

1

law or fact likely to result in" any of the eventualities listed in 18 U.S.C. § 3143(b)(1)(B). The court agrees.

The question of law that the defendant challenges on appeal is this court's alleged use of "acquitted conduct" to enhance the defendant's advisory guideline range, in violation of *Booker* and the Sixth Amendment right to jury trial. The defendant is relying upon developments in the Sixth Circuit concerning this issue, in the hope that *en banc* review will be granted in the case of *United States v. White*, 503 F.3d 487 (6th Cir. 2007). In fact, on November 30, 2007, the Sixth Circuit did grant *en banc* review in that case. However, neither the *White* case nor *United States v. Mendez*, 498 F.3d 423 (6th Cir. 2007), which affirmed the use of acquitted conduct to enhance a sentence, dealt with the unique circumstances presented by a misprision of a felony charge, as was the conviction in this case.

The sentence in a misprision case must be dependent, to some degree, upon the seriousness of the underlying felony that the defendant concealed. Whether this consideration is part of the computation of the advisory guideline range under the United States Sentencing Guidelines or considered by the court in examining the factors set out in 18 U.S.C. § 3553(a), the seriousness of that felony will be a part of the sentencing equation. It certainly was a part of this judge's consideration when sentencing the defendant in this case, and this was clearly expressed during the sentencing hearing (Docket No. 93 at 3-9).

The defendant in this motion makes much of the fact that the jury's verdict did not contain a finding as to drug quantity or firearm possession, factors that enhanced the guideline range, and that the jury acquitted the defendant on five other counts, many of which would have required specific findings about drug quantity and/or firearm possession. Although the court

2

does not find this argument determinative of this motion in any way, it is worth noting that Count Six of the Superseding Indictment, of which the defendant was convicted, charges misprision of the felony of "conspiracy to distribute over 500 grams of cocaine" (Docket No. 31 at 5).  Moreover, although the Verdict Form did not reiterate the nature of the underlying felony in Count Six, in response to a jury question related to the misprision count, and upon agreement of counsel, a copy of the Superseding Indictment was sent to the jury room.  (Docket No. 69 at 38-43) Therefore, necessarily, the jury knew that, in returning a verdict on the misprision count, they were convicting the defendant of concealing the felony of a conspiracy to distribute over 500 grams of cocaine, a specific finding as to quantity.  Admittedly, Count Six made no mention of firearm possession, but the proof at trial was overwhelming as to the use of a police service revolver during the drug conspiracy underlying the misprision charge.

With this background, the court specifically finds that the ground being asserted by the defendant on appeal, that his sentence was enhanced for impermissible acquitted conduct, is not likely to result in reversal or an order for a new trial.  Moreover, absent contrary instructions from the Sixth Circuit, this court would not sentence this defendant to any lesser term of imprisonment, were the Sixth Circuit to decide that acquitted conduct cannot be used to enhance a sentence.  This defendant was sentenced to less than the statutory maximum, and any change in the advisory guideline range mandated by appellate decisions would have little or no effect on this court's sentencing of this defendant in this case.

Because the defendant has failed to establish that his appeal raises a substantial question of law or fact likely to result in any of the eventualities listed in 18 U.S.C. § 3143(b)(1)(B), he must be detained pending appeal.  The defendant's Motion for Bond Pending Appeal (Docket

3

No. 96) is **DENIED**.

It is so **ORDERED.**

Enter this 5th day of December 2007.

_____
ALETA A. TRAUGER
United States District Judge